Jerome SIMPSON, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 80332.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 19, 2002.

Douglas R. Hoff, Assistant State Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Movant, Jerome Simpson, appeals from the judgment dismissing his pro se Rule 24.035 motion for post-conviction relief. We reverse and remand.

On February 8, 1999, movant pleaded guilty to distribution of a controlled substance, possession of a controlled substance and unlawful use of a weapon. The trial court suspended imposition of sen-

tence and placed movant on probation for two years.[1]

On March 19, 2001, movant pleaded guilty to trafficking in the second degree. On April 25, 2001, the court sentenced defendant to twenty years imprisonment in accordance with the plea agreement. The court advised movant of his rights under Rule 24.035. The court informed movant if he waived his rights to a probation revocation hearing related to his 1999 convictions and his rights under Rule 24.035 for all four cases, it would order the sentences for the 1999 convictions be served concurrently to the twenty-year sentence for the trafficking conviction.

Movant stated that he would give up his rights under Rule 24.035 for the four cases and his rights to a hearing. The court sentenced movant to fifteen years, five years and seven years for the three 1999 convictions and ordered the sentences be served concurrently to the twenty-year sentence imposed for the trafficking conviction. Movant timely filed a pro se Rule 24.035 motion and an in forma pauperis affidavit.

The motion court did not appoint counsel and entered judgment dismissing with prejudice movant's Rule 24.035 motion. In its judgment, the court discussed portions of the April 25, 2001 sentencing hearing, and then stated that movant waived his rights under Rule 24.035 for the four cases.[2] The court also stated that movant received "the benefit of his bargain" when he was sentenced to fifteen, five and seven years imprisonment for the 1999 convictions to be served concurrently with the twenty-year sentence imposed for the trafficking conviction. The court did note, however, that "[i]n view of Movant's in-

---

1. The transcript of the sentencing proceeding is not part of the record on appeal.

2. The court also stated that movant waived his right to a hearing on the probation revocation for the three 1999 convictions.

stant filing herein which implicitly seeks to set aside the bargain he entered with this Court, this Court que[ ]ries whether it should, alternatively, appoint counsel and determine Movant's allegations or those raised in a subsequent amended motion on their merits.' " [3]

Movant raises one point on appeal. He argues that the motion court clearly erred when it failed to appoint counsel.

Rule 24.035(e) states that "[w]hen an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." Here, movant timely filed a pro se Rule 24.035 motion and an in forma pauperis affidavit. The state contends that the only issue is whether movant voluntarily waived his rights under Rule 24.035. The state cites *Matthews v. State*, 863 S.W.2d 388, 390 (Mo.App. S.D. 1993), where the court held that the movant's failure to timely file his Rule 24.035 motion constituted "a complete waiver" of his rights to proceed under Rule 24.035. The present case is distinguishable from a case where a movant files an untimely pro se motion. When movant timely filed his pro se motion and the in forma pauperis affidavit, the court was required to appoint counsel. *See Bergdoll v. State*, 14 S.W.3d 258, 261 (Mo.App. S.D.2000); *Allmon v. State*, 973 S.W.2d 163, 165 (Mo.App. E.D. 1998).

Criminal defendants may waive their right to seek post-conviction relief. *State v. Reed*, 968 S.W.2d 246, 247 (Mo. App. E.D.1998).[4] Before the validity of waiver can be determined, however, counsel must be appointed in accordance with Rule 24.035(e).

Movant's point is granted. The judgment is reversed and the cause remanded for further proceedings. Upon remand, the court shall appoint counsel and thereafter the cause shall proceed in accordance with the provisions of Rule 24.035.

SHERRI B. SULLIVAN, J. and GLENN A. NORTON, J., Concur.

---

3. The court appointed counsel for this appeal.

4. The present case is distinguishable from *Reed* because in that case the defendant was attempting to appeal from the trial court's denial of his motion for reduction of sentence filed pursuant to section 558.046 RSMo.1994 which is not appealable. *Reed*, 968 S.W.2d at 248.