

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| SEAN A. PRICE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD79020 |
| | ) | |
| STATE OF MISSOURI, | ) | Opinion filed:  October 4, 2016 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI
THE HONORABLE CHRISTINE CARPENTER, JUDGE**

Before Division Three:  Victor C. Howard, Presiding Judge,
Lisa White Hardwick, Judge and Edward R. Ardini, Jr., Judge

Sean Price ("Price") appeals from a judgment denying his Rule 29.15[1] motion for post-conviction relief.  Price argues that his trial counsel was ineffective during closing argument and that, as a result, he suffered prejudice.  Price's amended Rule 29.15 motion was not timely filed, however, so the motion court was required to first make an independent inquiry into whether Price was abandoned by post-conviction counsel. Because the motion court did not make such an inquiry, we cannot reach the merits of Price's ineffective assistance of counsel claim and must reverse and remand the case to the motion court for a determination as to whether the untimely amended motion was the result of abandonment by Price's post-conviction counsel.

---

[1] All references are to Missouri Supreme Court Rules (2015).

**Factual and Procedural Background**

Price was tried by a jury and convicted of two counts of statutory sodomy in the first degree under section 566.062,[2] and sentenced to concurrent terms of twenty-five years imprisonment on each count. Price was represented by appointed counsel from the public defender's office at trial.

Price's convictions were affirmed by this court in *State v. Price*, 433 S.W.3d 472 (Mo. App. W.D. 2014), and our mandate was issued on June 25, 2014. On September 15, 2014, Price timely filed his *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Supreme Court Rule 29.15. On September 23, 2014, the motion court made the following docket entry: "PCR motion filed. Copy to Public Defender. Cause placed on January 2015 TSD." On October 28, 2014, an attorney from the public defender's office filed an entry of appearance and a motion for extension of time to file an amended motion. The motion for an extension of time was granted on November 3, 2014, and the amended motion was filed on January 26, 2015.

The amended motion raised a single claim for relief that was distinct from those raised in the *pro se* motion, and the amended motion did not incorporate any of the *pro se* claims. The motion court held an evidentiary hearing on the amended motion and later issued findings of fact and conclusions of law denying Price's amended Rule 29.15 motion. The motion court did not address the claims in Price's *pro se* motion or the timeliness of the amended motion. Price timely appealed.

**Discussion**

Before we can discuss the merits of Price's appeal, we are compelled to first determine the issue raised by the State that Price's amended motion was not timely filed. *McCullough v. State*, 480 S.W.3d 439, 441 (Mo. App. W.D. 2016). Rule 29.15(g) states, in relevant part, as follows:

---

[2] All statutory citations are to the Revised Statutes of Missouri 2000, as supplemented.

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 29.15(g) further provides that the motion court can extend this deadline once for a period not to exceed thirty days. The time limit for filing an amended motion is controlled by the date of first appointment or entry of appearance, whichever date is earliest. *Stanley v. State*, 420 S.W.3d 532, 541 (Mo. banc 2014).

In order to determine whether the amended 29.15 motion was timely filed, we must first ascertain the date that counsel was appointed.[3] The record before us establishes that counsel was appointed for Price on September 23, 2014, the day the motion court sent a copy of the *pro se* 29.15 motion to the public defender's office and placed the matter on its January docket.[4] *See Johnson v. State*, 491 S.W.3d 310, 312–13 (Mo. App. E.D. 2016), *reh'g and/or transfer denied* (June 8, 2016); *see also Stanley*, 420 S.W.3d at 540 ("[T]he effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance." (quoting *State v. White*, 813 S.W.2d 862, 864 (Mo. banc 1991)). As a result, Price's amended motion was due a maximum of 90 days later, or December 22, 2014. Price's amended motion, however, was not filed until January 26, 2015, and was thus untimely.

---

[3] Price requested leave to proceed *in forma pauperis* in his *pro se* 29.15 motion and the motion was accompanied by the required affidavit. As a result, the motion court was compelled to appoint him counsel. *See Bennett v. State*, 88 S.W.3d 448 (Mo banc 2002). *See also Bergdoll v, State*, 14 S.W.3d 258 (Mo. App. S.D. 2000); *Simpson v. State*, 90 S.W.3d 542 (Mo. App. E.D. 2002).

[4] The notice sent by the motion court to the public defender's office was unqualified. *Compare Laub v. State*, 481 S.W.3d 579 (Mo. App. S.D. 2016)(motion court specifically stated in its notice to the public defender that "I am not appointing the Public Defender's office at this time…."). In addition, the simultaneous placement of the case on its January docket further evidences that the September 23, 2014, action by the motion court constituted an appointment triggering the time deadlines of Rule 29.15. Lastly, it is logical that the motion court's appointment of the public defender preceded the October 28, 2014, filing of counsel's entry of appearance. The fact that the record in this case reflects no activity by the motion court between the sending of the notification to the public defender's office on September 23, 2014, and the filing of the entry of appearance, confirms our finding that the appointment of counsel occurred on September 23, 2014.

An untimely amended motion filed by post-conviction counsel appointed to an indigent movant may constitute abandonment of the movant. *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). "If…[the] amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case should be remanded to the motion court for such inquiry." *Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. W.D. 2015).

Because Price's amended motion was untimely filed, the motion court was under a duty to perform an independent inquiry to determine if he had been abandoned by counsel. *Moore*, 458 S.W.3d at 825. When such a duty is required but no inquiry is performed, then we will remand as "the motion court is the appropriate forum to conduct such an inquiry." *Id.* at 826. If, after conducting an independent inquiry into the abandonment issue, the motion court determines the movant was not abandoned by post-conviction counsel, then it "should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Id.* If, on the other hand, "the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing." *Id.*

### Conclusion

The motion court's judgment is reversed, and the matter is remanded to allow the motion court to conduct an independent inquiry into whether Price was abandoned by appointed counsel and for further proceedings consistent with the outcome of the court's inquiry.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.