**Anthony T. GRAVES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**WD 79239**

Missouri Court of Appeals, Western District.

Opinion filed February 28, 2017

Emmett D. Queener, for Appellant.

Evan J. Buchheim, for Respondent.

Before Division One: James E. Welsh, Presiding Judge, Anthony Rex Gabbert, Judge and Edward R. Ardini, Jr., Judge

**EDWARD R. ARDINI, JR., JUDGE**

Anthony Graves ("Graves") appeals from a judgment denying his Rule 29.15 [1] mo-

---

1. All references are to Missouri Supreme Court Rules.

tion for post-conviction relief seeking to set aside his convictions for second-degree murder, armed criminal action, and unlawful use of a weapon. Graves argues that his trial counsel was ineffective owing to a failure to investigate and present certain evidence at trial, and that, as a result, he suffered prejudice. We find that Graves' amended Rule 29.15 motion was not timely filed, however, meaning that the motion court was required to first make an independent inquiry into whether Graves was abandoned by post-conviction counsel. Because no such inquiry was made, we cannot reach the merits of Graves' ineffective assistance of counsel claim and must remand the case to the motion court for a determination as to whether the untimely amended motion was the result of abandonment by Graves' post-conviction counsel.

### Factual and Procedural Background

Graves was charged in the Circuit Court of Boone County with one count of second-degree murder, one count of armed criminal action, and one count of unlawful use of a weapon arising from his actions during a confrontation with a group of individuals that resulted in the death of Deaudre Johnson. Graves was tried by a jury in a two-day trial beginning on April 30, 2013. The jury found Graves guilty on each count and he was sentenced to concurrent sentences of 30 years for second-degree murder, 20 years for armed criminal action, and 15 years for unlawful use of a weapon. Graves' convictions were affirmed by this court in *State v. Graves*, 449 S.W.3d 789 (Mo. App. W.D. 2014). Our mandate issued on December 3, 2014.

On February 25, 2015, Defendant timely filed a *pro se* Rule 29.15 motion for post-conviction relief, accompanied by an affidavit of indigency and request that counsel be appointed. The next day, February 26,

the motion court made the following docket entry: "Defendant granted leave to proceed in forma pauperis. Notice to Public Defender. Upon entry by Public Defender or in 30 days, cause to trial request docket. KC/III (mln)." On April 6, 2015, an attorney from the public defender's office filed an entry of appearance and a motion for extension of time to file an amended motion. The motion for an extension of time was granted on April 7, 2015, and the amended motion was filed on July 6, 2015. On November 5, 2015, the motion court conducted an evidentiary hearing on the amended motion and later issued findings of fact and conclusions of law denying relief. The motion court did not address the timeliness of the amended motion. This appeal follows.

### Discussion

Before considering the merits of Graves' appeal, we are required to first examine the timeliness of his amended motion for post-conviction relief. *Frazee v. State*, 480 S.W.3d 442, 444 (Mo. App. W.D. 2016). Under Rule 29.15(g):

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 29.15(g) further allows the motion court to grant an extension for a period not to exceed thirty days.

In ascertaining whether the amended 29.15 motion was timely filed, we must initially determine the date that counsel

was appointed for Graves.[2] A review of the record reveals that the only action by the motion court, prior to the public defender's entry of appearance, was the docket entry of February 26, 2015, finding Graves indigent and indicating that notice had been sent to the public defender's office. Consequently, the timeliness of the amended motion hinges on whether counsel was appointed on the date this notice was sent or the later date counsel entered their appearance.

This precise issue was recently addressed by this court in *Price v. State* under nearly identical facts. *Price v. State*, 500 S.W.3d 324, 326 (Mo. App. W.D. 2016). *Price* concerned the timeliness of an amended motion filed under Rule 29.15 and the issue was the date counsel was appointed. *Id.* As in the present case, the only indicia of the appointment of the public defender's office in *Price*, prior to their entry of appearance, was a docket entry reciting that a copy of the *pro se* motion had been sent to the public defender. *Id.* On that record, this court held that counsel had been appointed on the date the motion court sent notice to the public defender's office. *Id.*

■ Upon examination of the record before us, we can discern no material difference between the facts in the present case and those in *Price*. Consequently, we hold that counsel was appointed for Graves on February 26, 2015, when the motion court granted leave to proceed *in forma pauperis* and sent notice of the *pro se* 29.15 motion to the public defender's office. *See Price*, 500 S.W.3d at 326; *Johnson v. State*, 491 S.W.3d 310, 312–13 (Mo. App. E.D. 2016), *reh'g and/or transfer denied* (June 8, 2016); *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014) ("[T]he effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance.") (quoting *State v. White*, 813 S.W.2d 862, 864 (Mo. banc 1991)). Thus, under Rule 29.15(g), Graves' amended motion was due, at the latest, 90 days later on May 27, 2015. Graves' amended motion was filed on July 6, 2015, rendering the amended motion untimely.

■ Because Graves' amended motion was untimely, the motion court had a duty to undertake an "independent inquiry" to determine if abandonment occurred. *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). The motion court, however, did not engage in any form of independent inquiry on the issue of abandonment. "If . . . the amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case should be remanded to the motion court for such inquiry." [3] *Price*, 500 S.W.3d at 327. (quoting *Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. E.D 2015)).

---

2. Graves' *pro se* motion included a request to proceed *in forma pauperis*, accompanied by the appropriate affidavit. As a result, the motion court was required to appoint him counsel. *Bittick v. State*, 105 S.W.3d 498, 502 (Mo. App. W.D. 2003) (The filing of an affidavit of indigency with a Rule 29.15 motion triggers the appointment of counsel); *Williams v. State*, 501 S.W.3d 562, 564 (Mo. App. S.D. 2016) ("Movant's *in forma pauperis* affidavit filed with her *pro se* motion attested to her indigency, and this circumstance triggered the necessity of the appointment of counsel.").

3. This court has recognized an exception to this rule in cases where remand would be unnecessary because "the motion court has adjudicated all of the claims raised in both the *pro se* and amended motions." *Williams v. State*, 503 S.W.3d 301, 303 (Mo. App. W.D. 2016). Because Graves' *pro se* motion contained claims that were not included in the amended motion, and which the motion court did not rule on, remand cannot be said to be unnecessary, and our previously recognized exception does not apply.

If on remand, the motion court determines that Graves "was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing." *Moore*, 458 S.W.3d at 825. Alternatively, if "the motion court finds that [Graves] has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Id.*

### Conclusion

The motion court's judgment is reversed, and the matter is remanded to allow the motion court to conduct an independent inquiry into whether Graves was abandoned by appointed counsel and for further proceedings consistent with the outcome of the court's inquiry.

All concur.