**Steve Duane MOXLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**WD 79386**

Missouri Court of Appeals,
Western District.

FILED: MARCH 14, 2017

Mark A. Grothoff, Columbia, MO, Counsel for Appellant

Evan J. Buchheim, Jefferson City, MO, Counsel for Respondent

Before Division One: James E. Welsh, Presiding Judge, Anthony Rex Gabbert, Judge, Edward R. Ardini, Jr., Judge

Anthony Rex Gabbert, Judge

Steven Duane Moxley ("Moxley") appeals from a judgment denying his Rule 29.15[1] motion for post-conviction relief seeking to set aside his conviction for the Class C Felony of driving while intoxicated. Moxley claims that his trial counsel was ineffective for failing to cross examine a primary witness about prior criminal convictions, and that, as a result, he suffered prejudice. We find Moxley's amended Rule 29.15 motion was not timely filed, however, meaning that the motion court was required to first make an independent inquiry into whether Moxley was abandoned by post-conviction counsel. Because no such inquiry was made, we lack the authority to rule on the merits of Moxley's ineffective assistance of counsel claim and remand the case back to the motion court for an abandonment inquiry.

**Factual and Procedural History**

Moxley was charged in the Circuit Court of Boone County with the Class C Felony of driving while intoxicated. The trial court made a finding that Moxley was properly charged with a Class C Felony as an aggravated-DWI offender due to his three previous DWI convictions. Moxley was tried by jury on March 20, 2014. The jury found Moxley guilty and he was sentenced to four years' imprisonment. Moxley's conviction was affirmed by this court in *State v. Moxley*, 459 S.W.3d 509 (Mo. App. 2015).

On July 2, 2015, Moxley timely filed a *pro se* Rule 29.15 motion for post-conviction relief, accompanied by a *forma pauperis* affidavit and a request that counsel be appointed. Four days later, on July 6,

the motion court made the following entry: "[c]ause referred to State Public Defender. Upon entry by Public Defender or passage of 30 days, cause to trial request docket. KC/III (mln)." On July 21, 2015, an attorney from the public defender's office filed an entry of appearance and moved for an extension of time to file an amended motion. The motion for extension of time was granted by the court that same day without a hearing. The amended motion was filed on October 19, 2015. On December 31, 2015, the trial court issued findings of fact and conclusions of law denying relief. The motion court did not address the timeliness of the amended motion. This appeal follows.

**Discussion**

The State argues that Moxley's amended Rule 29.15 motion was untimely. If true, we have no jurisdiction to address the merits of Moxley's ineffective assistance of counsel claim on appeal. "It is [the] duty of [the] Court of Appeals to determine *sua sponte* whether it has jurisdiction before addressing issues on appeal in a post-conviction relief matter." *Geiler v. State*, 921 S.W.2d 74, 75 (Mo. App. 1996). In order to determine whether this court has jurisdiction to touch the merits of Moxley's claim, we must first address the timeliness of Moxley's amended motion for post-conviction relief. *Frazee v. State*, 480 S.W.3d 442, 444 (Mo. App. 2016). Rule 29.15(g) governs when an amended motion must be filed:

If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate

1. All references are to Missouri Supreme     Court Rules.

court is issued and an entry of appearance is filed by counsel that is not appointed but enters an appearance on behalf of movant.

Rule 29.15(g) also permits the motion court to grant an extension for a period not to exceed thirty days.

■ In order to establish whether Moxley's amended 29.15 motion was filed within the ninety-day limit[2], we must determine the date on which counsel was appointed. The record demonstrates that on July 6, 2015, the motion court made a finding that Moxley was indigent and indicated that notice was sent to the public defender's office. While notice was sent by certified mail to the public defender's office on July 6, 2015, a formal entry of appearance did not take place until fifteen days later, on July 21, 2015.

■ The effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance. *Price v. State*, 500 S.W.3d 324, 327 (Mo. App. 2016). In *Price*, this court held that the date that the *pro se* motion was sent to the public defender's office and the motion court made a docket entry indicating so was the date of appointment, rather than counsel's later entry of appearance.

Upon review of the record on appeal, we see no material disparity between the facts present here and those in *Price*. Therefore, we hold that counsel was appointed for Moxley on July 6, 2015, when the motion court granted Moxley leave to proceed *forma pauperis* and sent notice of the *pro se* 29.15 motion to the public defender's office. Under Rule 29.15(g), Moxley's amended motion was due, at the latest, on October 4, 2015. Because Moxley's amended motion was not filed until October 19, 2015, it was filed out of time.

■ Because Moxley's motion was untimely, the motion court was under the duty to make an independent inquiry to determine if abandonment occurred. *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). "If...the amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case should be remanded to the motion court for such inquiry." *Price*, 500 S.W.3d at 327. No such inquiry was made by the motion court, and as a result, we remand for an abandonment inquiry.[3]

## Conclusion

The matter is remanded to allow the motion court to conduct an independent inquiry into whether Moxley was abandoned by appointed counsel and for further proceedings consistent with the outcome of the court's inquiry.

All concur.

---

2. The motion court exercised its authority under 29.15 in granting Moxley an extension of thirty (30) days to file an amended motion, thereby creating a ninety day filing window.

3. This court has recognized an exception to this rule in cases where remand would be unnecessary because "the motion court has adjudicated all of the claims raised in both the pro se and amended motions." *Williams v. State*, 503 S.W.3d 301, 303 (Mo. App. 2016). Because Moxley's pro se motion contained claims that were not included in the amended motion, and which the motion court did not rule on, remand cannot be said to be unnecessary, and our previously recognized exception does not apply.