

## MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| SHAYNE GARRETSON, | ) | |
| | ) | |
| Appellant, | ) | WD85776 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| STATE OF MISSOURI, | ) | June 18, 2024 |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Appeal from the Circuit Court of Moniteau County, Missouri**
**Honorable Matthew Phillip Hamner, Judge**

**Before Division Four: Gary D. Witt, Chief Judge Presiding,**
**Janet Sutton, Judge, and Sarah Castle, Special Judge**

Shayne Garretson (Garretson) appeals the judgment of the Circuit Court of Moniteau

County (motion court), which denied his amended Rule 29.15[1] motion for postconviction relief

after an evidentiary hearing. In his first point, Garretson argues that (1) the motion court

appointed counsel by its docket entries, (2) the amended motion was untimely, and (3) the

motion court should have conducted an abandonment inquiry. In his second point, Garretson

alternatively argues that because the motion court did not grant his retained counsel's request for

---

[1] Unless otherwise indicated, all references to Rule 29.15 are to Missouri Supreme Court Rules
(2020), which was the version of the Rule in effect at the time Garretson filed his *pro se* Rule
29.15 motion.

an extension of time before the amended motion's due date, that the amended motion was therefore untimely, and the motion court erred by not adjudicating the claims in Garretson's *pro se* motion. We dismiss the appeal for lack of a final judgment.

**Factual and Legal Background**

Following a jury trial, the court convicted Garretson of one count of first-degree statutory rape, four counts of first-degree statutory sodomy, and five counts of incest. The trial court sentenced Garretson to sentences of thirty years' imprisonment on the statutory rape, thirty years imprisonment for each count of statutory sodomy, and four years' imprisonment on each count of incest, with all sentences to run concurrently. Garretson's convictions and sentences were affirmed on direct appeal. *State v. Garretson*, 598 S.W.3d 643 (Mo. App. W.D. 2020).

We issued our mandate on May 20, 2020. Garretson timely filed a *pro se* Rule 29.15 motion for postconviction relief on July 30, 2020, alleging five claims along with an affidavit of indigency.[2] The same day, two docket entries were made in the postconviction case. The first, titled "Case Review Held," stated, "Clerk to notify Area 67, Central PCR Office, Missouri State Public Defender System of the filing of movant's motion. Clerk to Notify of entry. So ordered. MPH/mb." The second docket entry, titled "Notice," stated, "Notice of entry mailed to public defender's district office for appointment of counsel." This second entry did not include the judge or the clerk's initials.

The next day, July 31, 2020, a docket entry was made in Garretson's underlying criminal case. It was titled "Judge/Clerk – Note" and stated, "Per Judge Hamner's instructions clerk mailing notice of entry to public defender's office for appointment of counsel." This entry did

---

[2] Garretson, in his brief, admits that two claims in the *pro se* motion alleged trial court error and are not cognizable in a postconviction proceeding.

not include the judge's or the clerk's initials.[3] In Garretson's postconviction case, the motion court also made an entry a few weeks later on August 24, 2020, stating that it sent a letter to Garretson regarding the filing fee and the entry further said, "Notice of entry to all parties and to public defender's district office."

On April 29, 2021, almost nine months later, a public defender entered an appearance on Garretson's behalf in his postconviction case. On June 23, 2021, the public defender then filed a motion to withdraw, stating that Garretson had confirmed to the public defender that Garretson had hired a private attorney to represent him in the case. The motion court never ruled on this motion to withdraw. On June 28, 2021, Garretson's retained counsel filed an entry of appearance and a motion for a thirty-day extension to file an amended motion. The record does not show that the motion court ever ruled on this motion for extension of time. Retained counsel filed an amended postconviction motion on July 28, 2021.

The amended motion raised seventeen ineffective assistance of counsel claims and one "alternative" prosecutorial misconduct allegation. The motion court held an evidentiary hearing on Garretson's amended motion, at which Garretson appeared and was represented by retained counsel.

The motion court entered a judgment with findings of fact and conclusions of law denying Garretson's amended motion on the merits. In its judgment, the motion court stated it appointed the public defender to represent Garretson on July 31, 2020, that counsel failed to file an amended motion and withdrew from representation, after which private counsel entered on

---

[3] This docket entry was also included in Garretson's postconviction case. It appears, however, that the entry in the postconviction case was backdated because Garretson's postconviction case lists this entry as occurring on July 30, 2020, but the entry was not created in the underlying criminal file until July 31, 2020.

Garretson's case and filed an amended motion. The motion court did not conduct an abandonment inquiry. The motion court concluded that Garretson did not establish that he was entitled to relief on any of his claims.

Garretson appeals.

## Standard of Review

Our review of the motion court's ruling on a Rule 29.15 motion is limited to whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Hosier v. State*, 593 S.W.3d 75, 81 (Mo. banc 2019); *Creighton v. State*, 520 S.W.3d 416, 418 (Mo. banc 2017). The findings and conclusions are clearly erroneous when, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Hosier*, 593 S.W.3d at 81. "A final judgment is one that resolves all claims and issues in a case, leaving nothing for future determination." *Green v. State*, 494 S.W.3d 525, 528 (Mo. banc 2016), *superseded by rule on other grounds as stated in Creighton*, 520 S.W.3d at 422 n.8; Rule 74.01(b). A final judgment is a prerequisite for appeal, and without a final judgment, "there is no appellate review and the appeal must be dismissed." *Id.* at 527-28.

## Legal Analysis

In point one, Garretson argues that the motion court's docket entries served as an appointment of counsel, that the amended motion was untimely, and that the motion court failed to conduct an abandonment inquiry. Alternatively, in point two, Garretson argues that if the docket entries did not serve as an appointment of counsel, the amended motion filed by retained counsel was still untimely, and therefore, the motion court erred by not adjudicating the claims in Garretson's *pro se* motion. Garretson asks for the case to be remanded for either an abandonment inquiry or for the motion court to issue findings of fact and conclusions of law on his *pro se* claims. The State argues that the motion court did not appoint counsel, but agrees that

the amended motion was untimely and because the motion court did not issue findings of fact and conclusions of law on the *pro se* claims, the appeal must be dismissed as it is not a final judgment. We consider Garretson's points together.

In order to determine whether Garretson's amended motion was timely, we must determine when Rule 29.15(g)'s time limits began to run. Therefore, we first consider whether the July 30, 2020, docket entries constituted an appointment of counsel. Garretson argues that the motion court's docket entries in both his postconviction and underlying criminal cases established that counsel was appointed and that the amended motion, filed approximately one year after that, was untimely. Garretson contends that because counsel was appointed, the amended motion was untimely, and the motion court clearly erred by failing to conduct an abandonment inquiry.

Here, we are guided by the Missouri Supreme Court's opinions in *Creighton v. State*, 520 S.W.3d 416 (Mo. banc 2017) and *Hopkins v. State*, 519 S.W.3d 433 (Mo. banc 2017) and we hold that the motion court's docket entries did not constitute an appointment of counsel.

In *Creighton*, the motion court issued a March 8, 2013, "memorandum" to a public defender notifying him that the movant had filed a *pro se* motion for post-conviction relief. 520 S.W.3d at 418. The memorandum read: "The Court hereby notifies [public defender] that movant Rodney Creighton has filed a post-conviction motion. The motion is accompanied by an affidavit of indigency. So ordered, Judge Elizabeth B. Hogan." The movant's public defender entered an appearance on May 30, 2013, and on July 26, 2013, the motion court sustained counsel's request for a thirty-day extension of time to file an amended motion. *Id.* On August 28, 2013, postconviction counsel filed an amended motion. *Id.*

5

On appeal, the Court considered, as a threshold issue, whether the motion court's March 8, 2013, memorandum constituted an appointment of counsel that commenced the Rule 29.15 filing deadlines. *Id.* The State argued that the memorandum was an appointment of counsel that triggered Rule 29.15(g)'s filing period, and that the amended motion was untimely. *Id.* at 418. The Court considered the memorandum as well as an administrative order that directed judges in the motion court's circuit "to cease appointing the public defender in post-conviction cases and, instead, to notify the public defender when a movant files a *pro se* motion for post-conviction relief." *Id.* at 419.

The Court held that the motion court's "memorandum notifying the public defender that [a m]ovant filed a *pro se* motion was not an appointment of counsel" and it did not trigger Rule 29.15(g)'s timelines for filing an amended motion. *Id.* at 417. A public defender, therefore, who has not been appointed by the court but who enters an appearance "unquestionably qualifies as 'any counsel that is not appointed but who enters an appearance on behalf of [the] movant.'" *Id.* at 421 (quoting Rule 29.15(g)). In cases where counsel is not appointed, the Rule 29.15(g) filing deadlines begin when counsel enters an appearance. *Id.*

Similarly, in *Hopkins v. State*, decided concurrently with *Creighton*, the Missouri Supreme Court held that the following "order of notification" did not serve as an appointment of counsel:

> The Court orders the Circuit Clerk to notify the Central Appellate Division for the State Public Defender of the filing of this 24.035 [sic] action and to provide the State Public Defender with a copy of Movant's Form 40.

> The Circuit Clerk is ordered to furnish to the State Public Defender any and all pleadings from this file or the underlying criminal case that the State Public Defender may request.

*Hopkins*, 519 S.W.3d at 435.[4]

In this case we find that, as in *Creighton* and *Hopkins*, the motion court's docket entries notifying the public defender of the filing of Garretson's *pro se* motion were not an appointment of counsel. The July 30, 2020, notification did not indicate the motion court was appointing the public defender but stated that the clerk was to notify the public defender's office of the filing of Garretson's *pro se* motion. The second entry on that same date, "Notice of entry mailed to public defender's district office for appointment of counsel" did not include the judge's initials and also did not serve as an appointment of counsel. It is simply an entry by the clerk showing notice was sent as ordered. The July 31, 2020, entry similarly is an entry made by the clerk noting that notice of a docket entry, presumably the entry ordering the motion sent to the public defender's office, was completed. Again, we note this entry was made in the underlying criminal case and apparently transferred over to the postconviction file at some unknown date. It too did not serve as an appointment of counsel by the court. Under *Creighton* and *Hopkins*, we conclude that the motion court's docket entry in the postconviction case sent to the public defender's office only advised the office that Garretson had filed a *pro se* postconviction motion and did not serve as an appointment of counsel triggering the start of Rule 29.15's time limits.[5]

While Garretson contends that the motion court's July 31, 2020, docket entries constituted an appointment of counsel because the motion court's written judgment states that it

---

[4]  There was no administrative order at issue in *Hopkins*.

[5]  We recognize that this Court has previously held in *Graves v. State*, 512 S.W.3d 87 (Mo. App. W.D. 2017), *Moxley v. State*, 512 S.W.3d 771 (Mo. App. W.D. 2017) and *Price v. State*, 500 S.W.3d 324 (Mo. App. W.D. 2016), that docket entries notifying the public defender of the filing of a movant's *pro se* postconviction motion constituted an appointment of counsel that commenced Rule 29.15(g)'s time limits for filing amended motions. We note, however, that these cases were decided before *Creighton v. State*, 520 S.W.3d 416 (Mo. banc 2017) and *Hopkins v. State*, 519 S.W.3d 433 (Mo. banc 2017), and should no longer be followed.

had appointed counsel on that date, we find otherwise as previously discussed in light of

*Creighton* and *Hopkins*.[6]

Having found that no appointment of counsel occurred, we consider whether the

amended motion filed on July 28, 2021, was timely, and if it was not, the effect of an untimely

filed amended motion.

Rule 29.15(g) establishes the timelines for filing an amended motion.  In relevant part,

Rule 29.15(g) provides:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion or statement in lieu of an amended motion shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and: (1) Counsel is appointed, or (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 29.15(g) also allowed the motion court to grant two 30-day extensions to file an amended

motion.[7]  "The earlier of the date of first appointment or entry of appearance . . . control[s] the

time limit for filing an amended motion, regardless of whether counsel withdraws and a new

attorney is allowed to enter his or her appearance on behalf of a movant." *Williams v. State*, 602

S.W.3d 275, 281 (Mo. App. E.D. 2020) (citing *Gittemeier v. State*, 527 S.W.3d 64, 68 (Mo. banc

2017)).  "The time limits for filing a post-conviction motion are mandatory." *Stanley v. State*,

420 S.W.3d 532, 540 (Mo. banc 2014).  "Our Supreme Court has made it clear that '[a] motion

court has *no authority* to extend [the] time limit for filing an amended motion' beyond what the

---

[6]  We also note that there was no July 31, 2020, docket entry in the postconviction case.  As discussed *supra* in footnote 3, this docket entry was made in Garretson's underlying criminal case and included after that in his postconviction case.

[7]  A new revision of Rule 29.15 took effect on November 4, 2021.  The new version of Rule 29.15 gives counsel 120 days to file the amended motion and prohibits any extension of time.

rules allow." *Cooper v. State*, 675 S.W.3d 718, 721 (Mo. App. S.D. 2023) (quoting *Maguire v. State*, 536 S.W.3d 247, 248 (Mo. App. E.D. 2017)).

In this case, a non-appointed public defender first entered his appearance on April 29, 2021, therefore, the amended motion was due on or before June 28, 2021, sixty-days after the non-appointed public defender's entry of appearance. Rule 29.15(g). Before this deadline expired, according to a motion to withdraw filed on June 23, 2021, the public defender was informed that Garretson hired a private attorney to represent him in the postconviction case. On June 28, 2021—the day the sixty-day deadline expired—Garretson's new retained counsel filed an entry of appearance and a request for a thirty-day extension to file an amended motion. Nothing in the record shows that the motion court granted the extension request, but despite this, retained counsel did not file the amended motion until thirty-days later on July 28, 2021.

Under Rule 29.15, any motion for an extension of time must be made *and* granted within the time frame that the amended motion is originally due. *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990).[8] *See also Ransom v. State*, 635 S.W.3d 881, 885 (Mo. App. W.D. 2021). If the motion for an extension of time is not granted before the date the amended motion is due, "then any subsequently filed amended motion should be considered untimely and the circuit court should conduct an abandonment inquiry before proceeding to the merits." *Jones v. State*, 643 S.W.3d 918, 922 (Mo. App. E.D. 2022). The abandonment doctrine, however, does not excuse retained counsel's untimely filing, and therefore, all claims raised in an untimely amended motion filed by retained counsel are waived. *Gittemeier*, 527 S.W.3d at 66.

---

[8] "Though Rule 29.15 has been amended since *Clemmons*, the language regarding extensions remains substantially similar, with only the length and number of extensions having been updated. As a result, *Clemmons* remains the operative directive from the Supreme Court regarding extensions of time under Rule 29.15." *Jones v. State*, 643 S.W.3d 918, 921 (Mo. App. E.D. 2022).

9

Although Rule 29.15(g) at that time permitted the motion court to grant two thirty-day extensions to file an amended motion, the court's failure to grant the extension motion before the June 28, 2021, deadline expired rendered the amended motion filed on July 28, 2021, untimely. Nothing in the record establishes that the motion court granted the extension request before the expiration of the Rule 29.15(g) deadline. "We will not presume extensions to have been granted without a record thereof." *Williams*, 602 S.W.3d at 282 (citing *Eckert v. State*, 591 S.W.3d 903, 906 (Mo. App. W.D. 2019)). *See also Harley v. State,* 633 S.W.3d 912, 917 (Mo. App. E.D. 2021). Thus, the amended motion filed on July 28, 2021, was untimely.

When postconviction counsel is appointed to an indigent movant, an amended motion seeking postconviction relief that is filed beyond the Rule 29.15(g) deadline can constitute "abandonment" of the movant. *Moore v. State,* 458 S.W.3d 822, 825 (Mo. banc 2015). When an untimely amended motion is filed, the motion court has a duty to conduct an independent inquiry to determine if abandonment occurred, and this must be done before the motion court considers the merits of the amended motion and the supporting evidence. *See id.*; *Harley*, 633 S.W.3d at 916. *See also Nussbaum v. State*, 665 S.W.3d 414, 419 (Mo. App. W.D. 2023). "The issue of abandonment is important because abandonment by appointed counsel extends the time limitations for filing an amended motion seeking post-conviction relief." *Harley*, 633 S.W.3d at 916.

The abandonment doctrine, however, only applies to appointed counsel, not retained counsel and it will not excuse retained counsel's untimely filed amended motion. *See Gittemeier*, 527 S.W.3d at 68; *Echols v. State*, 635 S.W.3d 232, 237 (Mo. App. W.D. 2021); *Williams*, 602 S.W.3d at 280. "Because the abandonment doctrine does not excuse retained counsel's untimely filing, all claims raised in the amended motion were waived." *Gittemeier*,

527 S.W.3d at 66.  When an untimely amended motion is filed, "the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion."  *Briggs v. State*, 621 S.W.3d 614, 618 (Mo. App. W.D. 2021) (quoting *Maguire v. State,* 536 S.W.3d 247, 250 (Mo. App. E.D. 2017)).

Garretson's amended motion, filed on July 28, 2021, was untimely, and the motion court had no authority to allow the late filing.  We cannot consider arguments in an untimely motion under Rule 29.15 and "we may only consider the most current timely motion" which, in this case, is Garretson's *pro se* motion.  *Id.*  The motion court, therefore, should have considered only the claims raised in Garretson's timely filed *pro se* motion.

Garretson's evidentiary hearing proceeded only on the claims raised in the amended motion, and the motion court's judgment included findings of fact and conclusions of law only on the amended motion claims.  Garretson's *pro se* motion did not raise identical claims to those in his amended motion.  Because the motion court did not address the separate claims raised in the only timely filed motion (the *pro se* motion), the judgment is not final, and this appeal must be dismissed.[9]  *Briggs*, 621 S.W.3d at 618.  *See also Green*, 494 S.W.3d at 531-33 (stating that "[a] judgment, such as this one, that does not dispose of all the claims in a case is not final" under Rule 74.01(b)); *Maguire*, 536 S.W.3d at 250.

**Conclusion**

The motion court did not appoint counsel and Garretson's amended Rule 29.15 motion was untimely.  The abandonment doctrine does not apply to this case and we need not remand for an abandonment inquiry.  Instead, because the motion court's judgment did not dispose of all

---

[9]  We express no opinion on whether all the claims in Garretson's *pro se* motion are cognizable under Rule 29.15.

11

claims presented to it in Garretson's *pro se* motion, there is no final judgment.  Accordingly, this appeal is dismissed.

_____
Janet Sutton, Judge

Gary D. Witt, C.J. Presiding, and Sarah Castle, Sp. J. concur.

.