

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

JOHN CHILDERS,      )      No. ED101405

        )

     Appellant,      )      Appeal from the Circuit Court

        )      of St. Louis County

vs.      )

        )      Hon. Maura B. McShane

STATE OF MISSOURI,      )

        )      Filed:

     Respondent.      )      June 2, 2015

John Childers appeals from the judgment denying his motion under Rule 29.15 after an evidentiary hearing. We affirm.

Childers was convicted on one count of forcible rape after a jury trial. The crime occurred in 1988, but no suspect was ever found. In 2008, a cold case investigator obtained DNA from the rape kit, which ultimately resulted in a match with Childers. Childers went to trial in October of 2010, and his defense was that he had consensual sex with the victim. After the jury returned a guilty verdict, but before sentencing, a letter was filed with the trial court. It was written by a woman claiming that Childers, along with another man, had also raped her in 1988. She said the other man had been convicted for her crime—also years after the fact as a result of a DNA match—but that there had not been enough evidence to prove Childers had also attacked and raped her. When she learned of this case against Childers, she decided to attend the trial. She was "so very happy" with the verdict that she decided to write the court to express her relief that now both men had been convicted. She urged the court to consider imposing on

Childers a sentence of "the maximum years the law allows," which here would have been life imprisonment.

The court ultimately sentenced Childers to twenty-five years imprisonment, to run consecutively to sentences he was already serving. After his conviction was affirmed on direct appeal, Childers filed a motion for post-conviction relief under Rule 29.15. The motion court denied all relief after an evidentiary hearing.[1] This appeal follows.

Before addressing the merits, we are compelled under Moore v. State to first examine the timeliness of amended motions in each post-conviction case on appeal, even if the issue is not raised by either party. 2015 WL 1735533 (Mo. banc April 14, 2015). If it is determined that an amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case should be remanded to the motion court for such inquiry. Id. It is our duty to enforce the mandatory timelines in the post-conviction rules, but "the motion court is the appropriate forum to conduct such an inquiry" into abandonment. Id.

Rule 29.15(g) provides that where, as here, an appeal of the judgment sought to be vacated, set aside or corrected is taken, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." In this case, counsel was appointed on June 12, 2012, after the mandate was issued. Therefore, the amended motion was due August 13, 2012.[2] The amended motion was not filed, however, until September 10, 2012. There is nothing in the record suggesting that counsel or the court invoked the thirty-day extension of time available in Rule 29.15(g); if an extension had

---

[1] Trial counsel testified live at the hearing, and Childers's deposition transcript was submitted. The motion court considered this deposition and references it in its judgment, but the deposition transcript appears never to have been actually filed and is not part of the record on this appeal.

[2] The sixtieth day from the date of appointment was actually a Saturday, August 11, 2012, so the motion was due the next Monday, August 13, 2012. Rule 44.01(a).

been granted, then the amended motion would have been timely filed ninety days after appointment of counsel.

The State suggests that we can imply that the court granted a thirty-day extension because the court is presumed to have acted within the law when it accepted the amended motion as timely. Counsel for Childers points out that motions for extensions of time are "routinely and almost always automatically granted if requested," although she admits no request was made in this case. Assuming that a request will be granted does not relieve counsel of the obligation to actually make the request if additional time is needed, and extensions will not be presumed to have been granted without a record thereof. The situation in <u>Moore</u> was very similar. There, the amended motion had been filed almost exactly ninety days after appointment of counsel, and there was no record of an extension of time. 2015 WL 1735533 at *2. Rather than imply that an extension had been granted, the Supreme Court *relied* on the fact that there had been no request to extend or extension on the court's own motion to conclude that the amended motion filed more than sixty days after appointment of counsel was untimely. <u>Id</u>. We decline to imply that the sixty-day deadline had been extended in this case. Thus, the amended motion was untimely.

The motion court did not conduct an independent inquiry into abandonment. We conclude, however, that remand in this case is not necessary. We first look to the relief to be afforded Childers upon the motion court's determination of abandonment. If the motion court were to determine that Childers was abandoned, then it should permit the untimely filing and consider the claims in the amended motion. <u>Id</u>. at *2. If the motion court were to determine that Childers was not abandoned, then it should not permit the untimely filing of the amended motion and proceed to adjudicate only those claims in his *pro se* motion. <u>Id</u>. The dissenting opinion in <u>Moore</u> advocated that remand is "pointless" when a movant's *pro se* motion has been incorporated into, and thus adjudicated along with, the amended motion. <u>Id</u>. at *4-8. But, as the

majority pointed out, that could only be true if all the *pro se* claims had actually been adjudicated against the movant.  Id. at *3, n.3.  Because, in that case, the motion court "did not reference these claims or adjudicate them with written findings of fact and conclusions of law as required by Rule 29.15(j)," the movant had not "received the process that justice requires."  Id.

Here, unlike the movant in Moore, Childers has received all the process to which he is entitled.  The motion court held an evidentiary hearing at which counsel testified regarding, not only the claim in the amended motion, but also the claims as stated in fourteen subparagraphs of Childers's *pro se* motion.  The motion court then entered its judgment, making express written findings on each of those fourteen subparagraphs and on the claim in the amended motion.  The motion court denied all relief.   In this situation where *all* of the claims in both the *pro se* and amended motion have been adjudicated with written findings of fact and conclusions of law, remand would be pointless.  Thus, we proceed to review the merits of Childers's appeal.

Appellate review of the motion court's action under Rule 29.15 "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k).  We presume the motion court's denial of post-conviction relief is correct. McIntosh v. State, 413 S.W.3d 320, 323 (Mo. banc 2013).  Findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made.  Id.

In his sole point on appeal, Childers argues that the motion court clearly erred in denying his claim that counsel was ineffective for failing to move to strike the letter written by a woman claiming to have also been raped by Childers in a separate incident.  To prevail on a claim of ineffective assistance of counsel, the movant must establish by a preponderance of the evidence that:  (1) trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) counsel's deficient performance prejudiced defendant.  Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing Strickland

v. Washington, 466 U.S. 668, 687-92 (1984)).  To satisfy the prejudice prong, the movant must demonstrate that, absent the claimed errors, there is a reasonable probability that the outcome would have been different.  Zink v. State, 278 S.W.3d 170, 176 (Mo. banc 2009).  If a movant fails to satisfy one prong, we need not consider the other.  Sanders v. State, 738 S.W.2d 856, 857 (Mo. banc 1987).

Childers contends that a competent attorney would have objected to the letter because it was not properly before the court for a variety of reasons.  But even if that were true, Childers has wholly failed to demonstrate how he was prejudiced by counsel's allegedly deficient performance.  Rather, in addressing the prejudice prong, Childers merely reiterates the unfairness of considering this letter when the author was not subject to cross-examination and was not a victim in this case.  But he does not address the motion court's findings that there was no evidence the trial court had actually relied on this letter and no showing that the proceeding would have been any different if counsel had objected to it.

These findings and conclusions by the motion court are supported by the record, and we are not convinced a mistake has been made.  Counsel testified at the evidentiary hearing that he assumed the trial judge saw and read the letter because it was in the court file.  But in pre-sentence conversations among counsel and the court, which were off-the-record, the judge did not bring up the letter and counsel did not get the impression that it would be given any weight in determining the sentence.  Thus, counsel felt no need to object to it.  Counsel believed that the sentence was based on the facts brought out at trial and on Childers's criminal history.  At trial, the court had made a finding that Childers was a prior offender.  At sentencing, the victim made a statement, about which the court made no comment.  Nor did the court comment on any other factors he considered in determining the sentence, stating only that "based on the jury's finding of guilt to the charge of forcible rape," Childers was sentenced to 25 years consecutive to

sentences he was currently serving.  As the State points out, this is not even the maximum sentence advocated for in the letter, which further suggests the court did not rely on it.

Point denied.

The judgment is affirmed.

ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P.J. and
Gary M. Gaertner, Jr., J., concur.