

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| PAULA McCULLOUGH, | ) |
| | ) |
| Appellant, | ) |
| | )    **WD78344** |
| v. | ) |
| | )    **OPINION FILED:** |
| | )    **January 26, 2016** |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

**Appeal from the Circuit Court of Vernon County, Missouri**
**The Honorable James R. Bickel, Judge**

**Before Division II:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

Paula McCullough ("McCullough") appeals the judgment of the Circuit Court of Vernon County, Missouri ("motion court"), denying her motion for post-conviction relief pursuant to Rule 29.15 following an evidentiary hearing. Because her amended motion was not timely filed, and the motion court made no findings as to whether the late filing was due to abandonment of McCullough by her appointed post-conviction counsel, we reverse the judgment and remand to the motion court for further proceedings consistent with this opinion.

**Factual and Procedural Background**

McCullough was charged by information with four counts of receiving stolen property; she was tried by the Circuit Court of St. Clair County in a bench trial and was convicted of all four counts. Her convictions were affirmed on appeal, *State v. McCullough*, No. SD31777 (Mo. App. S.D. Jan. 25, 2013), and final mandate issued on May 1, 2013. McCullough filed a timely *pro se* Rule 29.15 motion for post-conviction relief in St. Clair County on June 3, 2013. On the same day, the circuit court appointed the State Public Defender as McCullough's post-conviction counsel and granted an additional thirty-day extension of time beyond the sixty-day deadline for filing the amended motion. Thus, any amended motion for post-conviction relief was due on September 3, 2013.[1] On July 23, 2013, venue was transferred to Vernon County. On September 24, 2013, McCullough's amended motion was filed in Vernon County. The amended motion sought different claims for post-conviction relief than McCullough's originally filed *pro se* motion.

The motion court held an evidentiary hearing on the merits of the amended motion and denied the merits of the claims made in the amended motion, without having made any findings as to whether the untimely filing of the amended motion was attributable to McCullough's negligence or inaction or whether it was, instead, due to McCullough having been abandoned by her post-conviction counsel. Likewise, the motion court's judgment did not consider or rule upon the claims for post-conviction relief included in McCullough's originally filed *pro se* motion. McCullough appeals the denial of her amended motion for post-conviction relief on its merits.

---

[1] *See* Rule 29.15(g). All rule references are to the Missouri Court Rules (2015).

**Analysis**

At the outset, the State correctly argues that we must remand this matter to the motion court for a determination as to whether McCullough was abandoned by post-conviction counsel.

In *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015), the Missouri Supreme Court held that, "[w]hen an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry . . .' to determine if abandonment occurred." *Id.* at 825 (quoting *Vogl v. State*, 437 S.W.3d 218, 228-29 (Mo. banc 2014)). "When the independent inquiry is required but not done, [the reviewing] court will remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Id.* at 826.

As a reviewing appellate court, "we are compelled under *Moore v. State* to first examine the timeliness of amended motions in each post-conviction case on appeal." *Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015). "If . . . [the] amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case should be remanded to the motion court for such inquiry." *Id.* "It is our duty to enforce the mandatory timelines in the post-conviction rules, but 'the motion court is the appropriate forum to conduct such an inquiry' into abandonment." *Id.* (quoting *Moore*, 458 S.W.3d at 826).

Rule 29.15(g) states that,

> [i]f an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Here, the mandate from McCullough's direct appeal issued on May 1, 2013. McCullough timely filed a *pro se* Rule 29.15 motion for post-conviction relief on June 3, 2013. On that same date, the circuit court appointed post-conviction counsel for McCullough and

granted an additional thirty-day extension of time beyond the sixty-day deadline for filing an amended motion. Thus, after accounting for the weekend (deadline) and Monday holiday (Labor Day), McCullough's amended motion was due on Tuesday, September 3, 2013. The amended motion was not filed until September 21, 2013.[2] Thus, the amended motion was untimely, the motion court's judgment on the merits of the amended motion must be reversed, and the matter must be remanded for the motion court to conduct an independent inquiry into whether appointed counsel abandoned McCullough.

"The result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate." *Moore*, 458 S.W.3d at 826 (footnote omitted). "If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Blackburn v. State*, 468 S.W.3d 910, 913 (Mo. App. E.D. 2015). On the other hand, "[i]f the motion court determines that the movant was abandoned by post-conviction counsel's untimely filing of an amended motion, the court should permit the untimely filing" and adjudicate the amended motion. *Id.* Though a remand is unnecessary "where all of the claims in both the *pro se* and amended motion have been adjudicated with written findings of fact and conclusions of law," *Childers*, 462 S.W.3d at 828, that is not the case before us.

Here, the claims in the amended motion were distinct from those in the *pro se* motion,[3] and the *pro se* claims were neither incorporated into the amended motion nor considered by the

---

[2] The motion court must determine the reason that an amended motion is not timely filed, even if the timeliness of the amended motion is not raised by either party. *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015) (citing *Luleff v. State*, 807 S.W.3d 495, 498 (Mo. banc 1991)).

[3] The amended motion asserted different claims for relief under Rule 29.15 than the original *pro se* motion. In fact, the amended motion specifically asserted that, "No other similar claim from this Motion has been previously asserted." L.F. 27.

4

motion court in its express conclusions of law forming its judgment. Accordingly, it is possible that the motion court considered the wrong motion, and a remand is necessary to resolve the abandonment question.

## Conclusion

The motion court's judgment is reversed, the matter is remanded to allow the motion court to conduct an independent inquiry into whether McCullough was abandoned by post-conviction counsel, and to conduct further proceedings consistent with our ruling today after the motion court has made its determination on the abandonment inquiry.

Mark D. Pfeiffer, Judge

Cynthia L. Martin, Presiding Judge,
and Karen King Mitchell, Judge, concur.