

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| PATRICK H. SAYRE, | ) | |
| | ) | |
| Appellant, | ) | WD78975 |
| | ) | |
| v. | ) | OPINION FILED:  June 28, 2016 |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Sullivan County, Missouri**
The Honorable Tracey A. Mason-White, Judge

Before Division One:  Lisa White Hardwick, Presiding Judge, Alok Ahuja, Chief Judge
and Cynthia L. Martin, Judge

Patrick Sayre ("Sayre") appeals from the motion court's judgment denying an amended Rule 24.035 motion.  Sayre argues that the motion court erred in denying the amended motion because his guilty pleas were not supported by an adequate factual basis.  Sayre also argues that the motion court erred because it failed to make a finding about whether he was abandoned by post-conviction counsel's late filing of the amended motion.  We reverse the motion court's judgment and remand this matter for further proceedings.

**Factual and Procedural Background**

On January 23, 2014, Sayre pleaded guilty to a class B felony of driving while intoxicated and a class D felony of driving without a license. On April 24, 2014, Sayre was sentenced to ten years for the class B felony of driving while intoxicated and four years for the class D felony of driving without a license.

On June 16, 2014, Sayre filed a timely *pro se* Rule 24.035 motion for post-conviction relief. The motion court appointed counsel to represent Sayre on June 23, 2014. The transcript of the guilty plea and sentencing was filed on September 15, 2014. The record does not reflect a request for or grant of an extension of time to file an amended Rule 24.035 motion. An amended motion was filed on February 24, 2015. The amended motion asserted a different claim than those asserted in the *pro se* motion.[1]

In lieu of an evidentiary hearing, Sayre and the State entered into a joint stipulation of facts. The stipulation of facts only addressed matters relevant to the claim asserted in the amended motion.[2] The motion court entered its judgment on August 31, 2015 ("Judgment") denying the claim in the amended motion. The Judgment did not address whether Sayre had been abandoned by post-conviction counsel, and did not address the claims for post-conviction relief asserted in the *pro se* motion.

---

[1]The *pro se* motion asserted: (i) that trial counsel failed to satisfactorily explain the negotiated plea and failed to advise Sayre of the advantages and disadvantages of accepting the plea; and (ii) that the arresting officer failed to read Sayre his *Miranda* rights. The amended motion asserted that the record from the guilty plea hearing was devoid of evidence that Sayre had prior convictions for driving while intoxicated or driving without a valid driver's license, meaning that the record at best supported convictions for two misdemeanors, and not the two felonies to which Sayre pled. The amended motion did not expressly incorporate the claims asserted in the *pro se* motion by reference.

[2]The Stipulation of Facts also addressed that the plea court did not pronounce sentence on the record as to one of the two counts as to which Sayre pled. No claim regarding the failure to pronounce sentence on the record was asserted in either the *pro se* motion or the amended motion.

Sayre appeals.

## Analysis

Sayre alleges three points on appeal. The first two points allege that the motion court erred in denying the amended motion because there was no adequate factual basis to support Sayre's guilty pleas. The third point alleges that the motion court erred by failing to make an inquiry into whether Sayre was abandoned by post-conviction counsel. The State's Brief ignores Sayre's first and second points on appeal, and agrees with Sayre's third point on appeal. Because the trial court failed to make an independent inquiry into whether Sayre was abandoned, and because the claims in Sayre's *pro se* motion are different from the claim asserted in the amended motion and were not addressed in the Judgment, we reverse and remand.

Sayre and the State agree that the amended motion was not timely filed. Rule 24.035(g)[3] provides that:

> If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Here, Sayre's post-conviction counsel was appointed on June 23, 2014, and the completed transcript was filed on September 15, 2014. An amended motion was thus due no later than November 14, 2014. The amended motion was not filed, however, until February 24, 2015.

---

[3] All rule references are to the Missouri Supreme Court Rules (2015).

In *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015), the Missouri Supreme Court held that, "[w]hen an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry…' to determine if abandonment occurred." *Id.* at 825 (quoting *Vogl v. State*, 437 S.W.3d 218, 228-29 (Mo. banc 2014)). "When the independent inquiry is required but not done, th[e reviewing c]ourt will remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Id.* at 826. *See also Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015) ("If …[the] amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case should be remanded to the motion court for such inquiry.").

The required inquiry into whether a late filed amended motion constitutes abandonment is not merely a technical exercise. "The result of the inquiry into abandonment determines which motion – the initial motion or the amended motion – the court should adjudicate." *Moore*, 458 S.W.3d at 826. "If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Blackburn v. State*, 468 S.W.3d 910, 913 (Mo. App. E.D. 2015). On the other hand, "[i]f the motion court determines that the movant was abandoned by post-conviction counsel's untimely filing of an amended motion, the court should permit the untimely filing" and adjudicate the amended motion. *Id.*

There is an exception to the general rule announced in *Moore* where "all of the claims in both the *pro se* and amended motion have been adjudicated [by the motion

court] with written findings of fact and conclusions of law." *Childers*, 462 S.W.3d at 828

(emphasis removed). That exception does not apply here. The claim in the amended

motion is distinct from the claims in the *pro se* motion,[4] and the *pro se* claims were not

addressed by findings of fact and conclusions of law in the Judgment.

Point three on appeal is granted. Points one and two on appeal are denied as moot.

## Conclusion

The motion court's Judgment is reversed. This matter is remanded to the motion

court with instructions to conduct an independent inquiry into whether post-conviction

counsel's late filed amended motion constituted abandonment. That determination will

dictate whether the *pro se* motion or the amended motion is before the motion court for

determination.

_____
Cynthia L. Martin, Judge

All concur

---

[4]*See supra* note 1.