

# In the Missouri Court of Appeals
## Western District

RICHARD WESLEY WILLIAMS, )
         Appellant, )
v.             )    **WD78881**
            )
STATE OF MISSOURI, )
         Respondent. )   FILED: November 8, 2016

## APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
### THE HONORABLE DANIEL F. KELLOGG, JUDGE

### BEFORE DIVISION THREE: VICTOR C. HOWARD, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND EDWARD R. ARDINI, JR., JUDGES

Richard Williams appeals the judgment denying his Rule 29.15 motion for post-conviction relief after he was convicted of first-degree murder and armed criminal action. He contends the motion court erred in denying his request for post-conviction relief without first determining the timeliness of his amended motion. He also argues the court erred in denying one of his ineffective assistance of counsel claims. Because we find that Williams's amended motion was untimely and the motion court did not adjudicate all of the claims raised in his *pro se* and amended motions, we reverse the judgment and remand the case to the motion court for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

In May 2010, Williams stabbed and killed John Joslin. After a jury convicted Williams of first-degree murder and armed criminal action, he was sentenced to consecutive terms of life in prison without the possibility of parole for the murder conviction and 30 years in prison for the armed criminal action conviction. We affirmed his convictions and sentences on direct appeal in *State v. Williams*, 386 S.W.3d 925 (Mo. App. 2012).

On March 11, 2013, Williams timely filed a *pro se* Rule 29.15 motion alleging 23 claims. On March 13, 2013, the motion court appointed the Office of the Public Defender ("PCR counsel") to represent him. Ninety-one days later, on June 13, 2013, PCR counsel filed an amended Rule 29.15 motion that raised five new claims and incorporated nine of Williams's claims from his *pro se* motion. Following an evidentiary hearing, the motion court issued findings of fact and conclusions of law denying the claims raised and incorporated in Williams's amended Rule 29.15 motion. Williams appeals.

## ANALYSIS

In Point I, Williams contends the motion court erred in denying his request for post-conviction relief without first determining the timeliness of his amended motion. He argues that, if the court had considered the timeliness of the amended motion, it would have found that the motion was untimely and that he was abandoned by PCR counsel. Williams requests that we reverse the motion court's judgment and remand the case to the motion court to conduct an independent

2

inquiry as to whether he was abandoned by PCR counsel.  The State agrees that

Williams's amended motion was untimely and that the judgment should be reversed

and remanded to the motion court to determine the issue of abandonment.

Looking first at the issue of the timeliness of the amended motion, Rule

29.15(g) provides the time limits for the filing of an amended motion after the

judgment was directly appealed:

> [T]he amended motion shall be filed within sixty days of the earlier of:
> (1) the date both the mandate of the appellate court is issued and
> counsel is appointed or (2) the date both the mandate of the appellate
> court is issued and an entry of appearance is filed by any counsel that
> is not appointed but enters an appearance on behalf of movant.  The
> court may extend the time for filing the amended motion for one
> additional period not to exceed thirty days.

In this case, we issued our mandate in the direct appeal on January 9,

2013, and the motion court appointed PCR counsel on March 13, 2013.

Sixty calendar days following appointment of PCR counsel was Sunday, May

12, 2013.  Because this date fell on a weekend, the amended motion was

due on the next business day, which was Monday, May 13, 2013.  At PCR

counsel's request, the motion court granted a 30-day extension to file an

amended motion.  With this extension, Williams's amended motion was due

on or before June 12, 2013.[1]  PCR counsel filed the amended motion on

---

[1] In the order granting PCR counsel's request for an extension, the motion court erroneously stated
that PCR counsel had until June 13, 2013, to file an amended motion.  The motion court had no
authority to extend the deadline for filing an amended motion beyond the single 30-day extension
allowed in Rule 29.15(g).  *See Riley v. State*, 945 S.W.2d 21, 23 (Mo. App. 1997).

3

Thursday, June 13, 2013. Therefore, Williams's amended motion was untimely.

An untimely amended motion creates a presumption that PCR counsel abandoned movant. *See Moore v. State*, 458 S.W.3d 822, 824 (Mo. banc 2015). Accordingly, "the motion court has a duty to undertake an 'independent inquiry . . . ' to determine if abandonment occurred." *Id*. at 825 (quoting *Vogl v. State*, 437 S.W.3d 218, 228-29 (Mo. banc 2014)). While it is our responsibility to enforce the mandatory timelines in post-conviction rules, "the motion court is the appropriate forum to conduct [an abandonment] inquiry." *Id*. at 826. The motion court in this case did not conduct an independent inquiry into whether PCR counsel abandoned Williams.

If the amended motion was untimely and the motion court did not make an independent inquiry into whether post-conviction counsel abandoned movant, we should remand the case to the motion court to conduct such an inquiry. *Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. 2015). An exception to this rule is where a remand would be unnecessary. *Id*. at 828. A remand is unnecessary where the motion court has adjudicated all of the claims raised in both the *pro se* and amended motions. *Id*. This is because the remedy where abandonment is found is to permit the untimely filing of the amended motion and review the claims therein; conversely, where no abandonment is found, review is limited to only the

4

claims raised in the *pro se* motion. *Id*. If the motion court adjudicated all of the claims raised in both the *pro se* and amended motions with written findings of fact and conclusions of law, a remand would be pointless, because the movant has "received all the process to which he is entitled." *Id*. *See also Bustamante v. State*, 478 S.W.3d 431, 435 n.2 (Mo. App. 2015).

Here, the motion court did not adjudicate all of the claims in Williams's *pro se* motion. While the court denied relief for the nine claims from *the pro se* motion that were incorporated into the amended motion, the court did not address the remaining 14 claims that Williams raised in his *pro se* motion. The remaining 14 claims from the *pro se* motion were distinct from those raised or incorporated in the amended motion.[2] Accordingly, it is possible that the motion court considered the wrong motion, and a remand is necessary to resolve the abandonment question. *Frazee v. State*, 480 S.W.3d 442, 446 (Mo. App. 2016). Point I is granted.

---

[2] While the claims raised or incorporated in the amended motion alleged ineffective assistance of trial counsel, the remaining 14 claims from the *pro se* motion alleged prosecutorial misconduct, trial court error, and ineffective assistance of appellate counsel.

5

**CONCLUSION**

The motion court's judgment is reversed, and the case is remanded to

allow the motion court to conduct an independent inquiry into whether

Williams was abandoned by PCR counsel.[3]

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

---

[3] Because we are reversing the motion court's judgment and remanding for an independent inquiry into abandonment, we do not consider the merits of Williams's claim in Point II. *See Moore*, 458 S.W.3d at 826 n.4.