

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

KENNETH PICKENS, III,     )
                        )   WD81459
          Appellant,     )
   v.                   )   OPINION FILED:
                        )
STATE OF MISSOURI,     )   May 28, 2019
                        )
         Respondent.    )

**Appeal from the Circuit Court of Buchanan County, Missouri**
**Honorable Daniel Fred Kellogg, Judge**

**Before Division Three:  Thomas H. Newton, Presiding Judge,**
**Anthony Rex Gabbert, and Edward R. Ardini, Judges**

Mr. Kenneth Pickens appeals from the Buchanan County Circuit Court judgment denying an amended Rule 29.15 motion, which was filed out of time. He raises the ineffectiveness of trial counsel relating to failures to object to certain jury instructions and the ineffectiveness of appellate counsel in failing to raise certain sufficiency claims on direct appeal.  We remand for the motion court to determine whether appointed counsel abandoned Mr. Pickens.

A Buchanan County jury convicted Mr. Pickens in December 2014 of three counts of forgery, two counts of distribution of a controlled substance, and two counts of possession of a controlled substance with intent to distribute. The convictions arose from thirteen charges relating to a series of similar transactions in late 2013 involving fraudulent prescriptions for controlled substances, including oxycodone and alprazolam. The trial court sentenced Mr. Pickens in March 2015 as a prior and persistent offender to a total of eighteen years' imprisonment in the Department of Corrections. We affirmed per curiam on direct appeal. *State v. Pickens III*, 496 S.W.3d 534 (Mo. App. W.D. 2016).

The mandate was issued on June 15, 2016, and Mr. Pickens timely filed a *pro se* motion to vacate, set aside or correct the judgment or sentence under Rule 29.15 on August 10, 2016.[1] The motion court appointed counsel to represent him on August 12, 2016, and counsel sought an extension of time to file an amended motion. The motion court granted the extension, making the amended motion due November 10, 2016, a Thursday.[2] The amended motion was filed

---

[1] The *pro se* Rule 29.15 motion raised six issues. Mr. Pickens claimed that (1) counsel was ineffective for failing to impeach the State's witnesses; (2) the trial court erred in denying the motion for judgment of acquittal; (3) the prosecutor filed the wrong criminal charges; (4) counsel was ineffective for failing to investigate, prepare for, and present the defendant's case; (5) the trial court erred in failing to grant a motion for mistrial after a juror viewed deputies escorting the defendant; and (6) the prosecutor filed charges under a conspiracy theory despite knowledge that conspiracy is not a state charge. He failed to elaborate on the second claim and, as to the sixth, explained, in part, "There is no evidence that proves movant forged, or was in possession of any forged documents. Movant challenges the sufficiency of the evidence."

[2] Note that November 11, 2016, was Veteran's Day, a government holiday, and the following two days were Saturday and Sunday.

electronically on November 14, 2016, a Monday, at 8:39 a.m.[3] Counsel then filed

a Rule 103.06 motion on November 17, 2016, asking the motion court to find the

amended motion timely filed.[4] According to this motion, the electronic filing

system was not functioning when counsel attempted to file the amended Rule

29.15 motion on the evening of November 10, 2016.[5] So counsel emailed the

amended motion to the court clerk and opposing counsel that evening, advising

them of his inability to access Case.net. The Rule 103.06 motion also asserted

counsel's understanding that the state's electronic filing system was "completely

unavailable" from 7 p.m., November 10, 2016, through 11 p.m., November 11,

2016. Counsel did not seek a hearing on this motion and did not raise the

timeliness question during the evidentiary hearing that the motion court

conducted in May 2017 on the amended Rule 29.15 motion. The motion court

never ruled on the Rule 103.06 motion, but stated in the judgment that the

---

[3] The amended Rule 29.15 motion raised twelve new issues and made no reference to Mr. Pickens's *pro se* motion. They involve the ineffective assistance of trial counsel for failure to object to the jury instructions related to forgery and possession of controlled substances with intent to distribute, as well as the ineffective assistance of appellate counsel for failure to raise instructional error and certain sufficiency claims on direct appeal. A slight overlap with the *pro se* motion exists as to the latter: Mr. Pickens raised one insufficiency claim, but did not elaborate on it, while his claim that the prosecutor erred in bringing conspiracy charges was supported by the declaration that the evidence was insufficient to show that the prescriptions were forged or that he was in possession of forged documents, a matter arguably addressed in the amended motion and now before this Court on appeal.

[4] Missouri Supreme Court Rule 103.06(a) (2016), provides in part that "[i]f the electronic filing system is unavailable at the time the user attempts to file a document, the registered user shall make reasonable efforts to file the document as soon as the unavailability ends." On motion by the registered user within ten days of the first unsuccessful attempt to file the document, "the court shall deem the document filed on the day that the user initially attempted to file the document," if it determines that the system's unavailability "prevented the court from receiving the filing." Rule 103.06(b) & (c). The motion must indicate "why the delay was prejudicial." Rule 103.06(b). Counsel's motion referred to the strict Rule 29.15 time limits to assert prejudice.

[5] We have no reason to doubt counsel's assertion, but, because this involves a factual finding, we are unable to make it absent a record from the motion court.

amended Rule 29.15 motion was filed November 14, 2016. The motion court addressed only the issues raised in the amended Rule 29.15 motion and overruled it. Mr. Pickens filed this appeal, and, with our permission, filed an exhibit showing the electronic filing system's availability for the relevant time period. It purports to show that the eFiling and Case.net systems were "intermittently unavailable" from 7 p.m., November 10, 2016, through 11 p.m., November 11, 2016.

## Legal Analysis

Mr. Pickens raises eight points relied on, but prefaces the arguments with a discussion of the timeliness of the amended Rule 29.15 motion. He suggests that this Court may decide whether it was timely filed and accordingly address the points on the merits, but acknowledges that this may be a matter for the motion court on remand. The State argues that the case must be remanded for timeliness and abandonment determinations and does not address the merits of the points relied on.

Whether the amended Rule 29.15 motion was timely filed depends on a court determination that the electronic filing system was unavailable. Rule 103.06(c). Whether appointed post-conviction counsel abandoned Mr. Pickens will depend on whether the amended motion was late and may also depend under these circumstances on whether he made "reasonable efforts to file the document

4

as soon as the unavailability" ended.[6] Rule 103.06(a). An abandonment determination is critical. As we stated in *Sayre v. State*, 493 S.W.3d 33, 35-36 (Mo. App. W.D. 2016) (citations omitted):

> The result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate. If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. On the other hand, if the motion court determines that the movant was abandoned by post-conviction counsel's untimely filing of an amended motion, the court should permit the untimely filing and adjudicate the amended motion.

Under *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015), the motion court has an independent duty to determine, when an untimely amended post-conviction motion is filed, whether abandonment occurred. "When the independent inquiry is required but not done, [the reviewing court] will remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Id.* at 826. An exception to this general rule applies "where all the claims in both the *pro se* and amended motion have been adjudicated [by the

---

[6] *See Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015) (citations omitted), where the court discusses the duties of appointed post-conviction counsel under Rule 29.15(e) and the presumption raised by an untimely filed amended motion as follows:

> The absence of a record of post-conviction counsel's attention to the *pro se* motion creates a presumption that counsel failed to comply with the rule. Likewise, when an amended motion is untimely filed, the record creates a presumption that counsel failed to comply with the rule because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the amended motion timely.

The required inquiry into whether counsel's failure to comply with the rule constitutes abandonment due to an untimely filed amended motion "is [thus] not merely a technical exercise." *Sayre v. State*, 493 S.W.3d 33, 35 (Mo. App. W.D. 2016).

5

motion court] with written findings of fact and conclusions of law." *Sayre*, 493 S.W.3d at 36 (quoting *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) (emphasis removed)). As in *Sayre*, however, this exception does not apply here because "[t]he claim[s] in the amended motion [are] distinct from the claims in the *pro se* motion, and the *pro se* claims were not addressed by findings of fact and conclusions of law in the Judgment." *Id.* As well, we indicated above that any overlap between the two motions was minor.

Remand is required; the motion court specifically found that the amended Rule 29.15 motion was filed on November 14, 2016, or four days after the date on which it was required to be filed. Nothing in the motion court's judgment indicates that it conducted an inquiry into whether the late filing constituted an abandonment of Mr. Pickens, or indeed whether the filing was deemed timely under Rule 103.06.

## Conclusion

Because the amended Rule 29.15 motion was untimely and the motion court did not make a timeliness or abandonment determination, we remand for it to do so.

/s/ *Thomas H. Newton*
Thomas H. Newton, Presiding Judge

Anthony Rex Gabbert, and Edward R. Ardini, Judges concur.

6