

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| COREY MCCLENDON, | ) | No. ED108845 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable John N. Borbonus |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: February 23, 2021 |

### Introduction

Corey McClendon ("Movant") appeals the denial of his Rule 29.15[1] motion for post-conviction relief. In 2013, Movant was convicted by a jury of two counts of forcible sodomy and one count of kidnapping. Movant was sentenced to concurrent life sentences for the forcible sodomy counts and ten years for the kidnapping count to be served consecutively with the life sentences in the Missouri Department of Corrections ("DOC"). Movant's convictions were affirmed on direct appeal. His motion for post-conviction relief was denied following an evidentiary hearing.

Movant raises two points on appeal. In Point I, Movant argues the motion court clearly erred by failing to conduct an inquiry to determine whether his right to effective assistance of

---

[1] All rule citations are to the Missouri Supreme Court Rules (2015), unless otherwise indicated.

counsel was violated because his counsel abandoned him. In Point II, Movant argues the motion court clearly erred by concluding he did not receive ineffective assistance of trial counsel when trial counsel failed to object to the prosecutor's characterization of the evidence in closing argument.

Movant and the State agree this Court must reverse and remand based on Point I because the motion court failed to investigate whether Movant was abandoned by his appointed counsel. We agree. We remand for the motion court to conduct an abandonment inquiry.[2]

### Factual and Procedural Background

On December 28, 2011, Movant sexually assaulted a fourteen-year-old victim, (C.M.) in St. Louis County. C.M. reported the assault to police and was taken to a hospital, where physical evidence was preserved in a rape kit. Although C.M. could not identify his attacker in a photographic lineup, investigators in the St. Louis County Crime Lab matched DNA recovered in the rape kit to Movant through the Combined DNA Index System. A jury convicted Movant of two counts of forcible sodomy and one count of kidnapping on April 2, 2014. This Court affirmed Movant's convictions in *State v. McClendon*, 467 S.W.3d 395 (Mo. App. ED 2015) on June 30, 2015 and issued its mandate on September 8, 2015.

Movant filed a *pro se* motion for post-conviction relief on September 4, 2015.[3] The motion court appointed the Office of the Public Defender to represent Movant on October 22, 2015 and Movant's first motion counsel entered an appearance on November 6, 2015. Movant's first motion counsel requested and received a thirty-day extension to file an amended motion. First motion

---

[2] We decline to address Point II given our ruling in Point I.

[3] Movant acknowledges his pre-mandate filing was premature but notes early postconviction relief filings are considered timely and must be "held by the motion court pending issuance of the mandate." *McKay v. State*, 520 S.W.3d 782, 784-86 (Mo. 2017).

2

counsel then moved to clarify the deadline for the amended motion on December 3, 2015, contending the deadline to file was ninety days from November 6, not October 22. The motion court granted first motion counsel's motion to clarify.

On January 28, 2016, first motion counsel moved to withdraw and strike his entry of appearance due to a conflict of interest. The motion court granted the motion and Movant's second motion counsel entered an appearance on February 4, 2016. Second motion counsel filed an amended Rule 29.15 motion on April 27, 2016, one hundred eighty-nine days after first motion counsel was appointed to represent Movant. The motion court granted an evidentiary hearing and ultimately denied Movant's claims on March 3, 2020. This appeal follows.

**Standard of Review**

This Court "review[s] the motion court's denial of a Rule 29.15 motion to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Steele v. State*, 551 S.W.3d 538, 544 (Mo. App. E.D. 2018) (citing *Hopkins v. State*, 519 S.W.3d 433, 435 (Mo. banc 2017) and Rule 29.15(k)). The motion court's findings of fact and conclusions of law are clearly erroneous if, after reviewing the entire record, this Court is "left with a definite and firm impression that a mistake has been made." *Id*.

It is this Court's duty to enforce the mandatory timelines in the post-conviction rules, but the motion court is the appropriate forum to conduct inquiries into abandonment. *Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015). When an untimely amended motion is filed, the motion court has a duty to conduct an abandonment inquiry. *Moore v. State*, 458 S.W.3d 822 (Mo.

3

banc 2015). When an abandonment inquiry is required but not done, we must remand for the motion court to conduct such inquiry.[4] *Id.* at 826.

**Discussion**

*Point I: The Motion Court Clearly Erred by Failing to Investigate Whether Movant's Post-Conviction Counsel Abandoned Him*

We presume a movant has been abandoned when appointed counsel fails to file an amended motion within the time limits imposed by Rule 29.15. *Moore*, 458 S.W.3d at 824-25. Movant notes his first motion counsel was appointed on October 22, 2015, meaning the amended motion was due by December 21, 2015 absent a request for extension. Because first motion counsel requested and received a thirty-day extension, the amended motion was due by January 20, 2016. No amended motion was filed until April 27, 2016.

Movant acknowledges his first motion counsel moved to withdraw and for the appointment of new counsel, but argues post-conviction motion deadlines cannot be waived or modified. *Barber v. State*, 569 S.W.3d 556 (Mo. App. E.D. 2019) (citing *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018)). The motion court was required to conduct an abandonment inquiry to determine whether the claims raised in the amended motion could be considered.

We agree. *Moore* is clear "[w]hen an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry under *Luleff*' to determine if abandonment occurred." 458 S.W.3d at 825 (citing *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991)). If the motion court finds the movant has not been abandoned, the motion court should not permit the

---

[4] When "*all* claims in both the *pro se* and amended motion have been adjudicated [by the motion court] with written findings and conclusions of law, remand would be pointless." *Childers*, 462 S.W.3d at 828. Because the motion court did not address every argument raised in Movant's *pro se* motion, the exception does not apply here.

filing of the amended motion and should adjudicate the movant's initial motion. *Id*. "If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the pro se motion." *Id*. (citing *Luleff*, 807 S.W.2d at 498). However, if the motion court determines the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court will permit the untimely filing. *Moore*, 458 S.W.3d at 826.

The motion court clearly erred by failing to conduct an abandonment inquiry as required by *Moore*. We therefore remand for the motion court to conduct an abandonment inquiry and "determine which motion – the initial motion or the amended motion – the court should adjudicate." *Id*.

### Conclusion

We reverse and remand for the motion court to make a sufficient record of an independent inquiry into abandonment. If such a record raises concern about Movant's negligence or failure to act and that concern overcomes the presumption of abandonment, the motion court must consider the merits of Movant's *pro se* motion. *See Luleff*, 807 S.W.2d at 498.

_____
Philip M. Hess, Judge

Gary M. Gaertner, Jr., P.J. and
Michael E. Gardner, J. concur.

5