

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

COURTNEY LITTLE,            )            No. ED110063

           )

           Appellant,            )            Appeal from the Circuit Court

           )            of Cape Girardeau County

vs.            )

           )            Honorable Scott A. Lipke

STATE OF MISSOURI,            )

           )

           Respondents.            )            FILED: September 13, 2022

## Introduction

Courtney Little ("Little") appeals from the motion court's denial of his Rule 29.15[1] amended motion for post-conviction relief. In his sole point on appeal, Little argues the motion court clearly erred in entering judgment without issuing specific findings of fact and conclusions of law for each of the six claims raised in the amended motion as required by Rule 29.15(j). We do not reach the merits of Little's appeal because the record shows the motion court did not rule on post-conviction counsel's requests to extend the time in which to file the amended motion until *after* the deadline to file the amended motion passed. Because a motion court has no discretion to grant an extension to file an amended motion out of time without conducting an abandonment inquiry, Little's amended motion was untimely filed. Accordingly, we must reverse and remand the judgment for the motion court to conduct an abandonment inquiry.

---

[1] All Rule references are to Mo. R. Civ. P. (2020).

<u>Factual and Procedural History</u>

Because we do not reach the merits of Little's point on appeal, we briefly summarize the relevant post-conviction timeline.

In February 2019, a jury convicted Little on three counts of statutory sodomy in the second degree, and the trial court sentenced Little to a total of fourteen years in prison. Little directly appealed from his conviction and sentence, and this Court affirmed in <u>State v. Little</u>, 600 S.W.3d 851 (Mo. App. E.D. 2020).

Little timely filed his pro se Rule 29.15 motion for post-conviction relief on September 4, 2020. The motion court appointed post-conviction counsel to represent Little on September 14, 2020. Post-conviction counsel entered his appearance on September 23, 2020 and, on the same day, requested a thirty-day extension in which to file the amended motion. The motion court did not grant or deny the extension request.

On December 10, 2020, post-conviction counsel requested a second thirty-day extension. The motion court had not yet ruled on the initial request for extension filed on September 23, 2020. The record shows that the motion court granted the second extension request on December 17, 2020 and subsequently granted the initial extension request on January 7, 2021. Post-conviction counsel filed the amended motion on January 13, 2021. The motion court entered its judgment denying Little's Rule 29.15 motion without an evidentiary hearing on June 14, 2021. Little now appeals.

<u>Discussion</u>

Before reviewing the merits of an appeal from a motion court's denial of post-conviction relief, we are obligated to examine the timeliness of the amended motion. <u>Jones v. State</u>, 643 S.W.3d 918, 920 (Mo. App. E.D. 2022) (internal citation omitted); <u>Earl v. State</u>, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021) (citing <u>Moore v. State</u>, 458 S.W.3d 822, 825–26 (Mo. banc

2

2015)).  Under the version of Rule 29.15 applicable to Little's motion,[2] when the movant has filed a direct appeal from his conviction and sentence, Rule 29.15(g) requires post-conviction counsel to file the amended motion for post-conviction relief "within [sixty] days of the earlier of the date both the mandate of the appellate court is issued and: (1) [c]ounsel is appointed, or (2) [a]n entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of [the] movant."  Rule 29.15(g) permits the motion court to "extend the time for filing the amended motion or statement in lieu of an amended motion, with no extension exceeding [thirty] days individually and the total of all extensions not to exceed [sixty] days."

"When post-conviction counsel is appointed to an indigent person, an amended motion seeking post-conviction relief filed beyond the deadline can constitute the 'abandonment' of the movant."  Jones, 643 S.W.3d at 920 (internal quotation omitted); see also Watson v. State, 536 S.W.3d 716, 719 (Mo. banc 2018) (internal citation omitted) ("The untimely filing of an amended motion by post-conviction counsel creates a presumption of abandonment.").  Our Supreme Court has clearly held that in post-conviction matters, "[i]f a movant's amended motion is untimely, the movant is presumed to have been abandoned ***and the circuit court must conduct an independent inquiry into the reason for the untimely filing before considering the merits of the amended motion.***"  Jones, 643 S.W.3d at 920 (internal quotation omitted) (emphasis added). The motion court ***must*** make a sufficient record of the abandonment inquiry, and "[i]f the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an

---

[2] In recent years Missouri appellate courts have remanded countless cases to the circuit courts for abandonment hearings often to see the cases reappear on our dockets upon a finding of abandonment.  As we recently noted in Jones, "[t]he circumstances in which this type of abandonment inquiry will be necessary appear to be coming to an end.  A new revision of Rule 29.15 took effect on November 4, 2021.  The new version of Rule 29.15 gives counsel 120 days to file the amended motion and prohibits any extension of time.  As a result, situations like those at issue in this case . . . are unlikely to continue in the future."  Jones, 643 S.W.3d at 922 n1.

3

amended motion, the court is directed to permit the untimely filing." Id. at 921 (quoting Moore, 458 S.W.3d at 826).

The motion court appointed post-conviction counsel to represent Little on September 14, 2020, making Little's amended motion due sixty days later on November 13, 2020. See Rule 29.15(g). Upon entering his appearance on September 23, 2020, post-conviction counsel filed a request for a thirty-day extension as permitted under Rule 29.15(g). The motion court did not act on Little's extension request at that time. On December 10, 2020, post-conviction counsel filed a request for a second thirty-day extension. The motion court did not rule on either extension request until December 17, 2020. Curiously, the motion court granted Little's second extension request on December 17, 2020, and then granted the first extension request on January 7, 2021. Regardless of the rulings then entered by the motion court, by the time post-conviction counsel filed the amended motion on January 13, 2021, the mandatory deadline for filing the amended motion had expired.

"The Supreme Court of Missouri has directed that any motion for an extension of time under Rule 29.15 must be made *and* granted within the time that the amended motion is due." Jones, 643 S.W.3d at 921 (citing Clemmons v. State, 785 S.W.2d 524, 527 (Mo. banc 1990)); Perkins v. State, 569 S.W.3d 426, 435 (Mo. App. W.D. 2018) (citing Clemmons, 758 S.W.2d at 527) ("[T]he discretion of the motion court to extend the time to file an amended motion must be exercised *within the time the amended motion is initially due*."). "If the motion is not made *and* granted within the time remaining to file the amended motion, then any subsequently filed amended motion should be considered untimely and the [motion] court should conduct an abandonment inquiry before proceeding to the merits." Id. at 922 (citing Clemmons, 758 S.W.2d at 527). In other words, unless and until the motion court granted post-conviction counsel's

4

request to file an amended motion by November 13, 2020, Little remained obligated to file his amended motion by November 13, 2020. See Childers v. State, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) ("Assuming that a request will be granted does not relieve counsel of the obligation to actually make the request if additional time is needed, and extensions will not be presumed to have been granted without a record thereof."). Here, the record shows the motion court neither granted post-conviction counsel's extension request before the deadline for filing the amended motion had expired, nor made a record of conducting an abandonment inquiry into the untimely filing. For that reason, the motion court lacked discretion to rule on the amended motion when it was filed out of time. See Jones, 643 S.W.3d at 921 (citing Clemmons, 785 S.W.2d at 527); Earl, 628 S.W.3d at 699 (citing Clemmons, 785 S.W.2d at 527; Childers, 462 S.W.3d at 828) (additional citations omitted).

Missouri recognizes that remand for an abandonment inquiry is not needed "where *all* of the claims in both the pro se and amended motion have been adjudicated with written findings of fact and conclusions of law[.]" Childers, 462 S.W.3d at 828. Here, because Little's pro se motion contains claims that the amended motion does not, and the motion court ruled only on the claims in the amended motion, the exception for permitting review when all claims in both motions are adjudicated does not apply. See id.

Missouri case law is clear: "[t]he filing deadlines for post-conviction relief are mandatory, and cannot be waived." Earl, 628 S.W.3d at 699 (quoting Watson, 536 S.W.3d at 717). "[Alt]hough this Court has a duty to enforce the mandatory timelines in the post-conviction rules, the motion court is the appropriate forum to conduct an inquiry into abandonment." Id. (internal citation omitted). The record on appeal shows that the motion court did not grant Little's initial motion for extension within the time that the amended motion was

5

due, making Little's filing of the amended motion on January 13, 2021 untimely.  Because the record lacks any showing that the motion court made an independent inquiry into abandonment, we must reverse and remand with instructions for the motion court to conduct the requisite inquiry.  See id.; see also Jones, 643 S.W.3d at 921 (internal citation omitted).

Conclusion

The judgment of the motion court is reversed, and the matter is remanded for the motion court to conduct an independent inquiry into whether Little was abandoned by post-conviction counsel and for further proceedings consistent with this opinion.


_____
KURT S. ODENWALD, Judge

Lisa P. Page, P.J., concurs.
Thomas C. Clark II, J., concurs.