

# Missouri Court of Appeals
## Southern District

### In Division

CHRIS COURTOIS,         )
         )
     Movant-Appellant,     )
         )
    v.         )     No. SD37328
         )
STATE OF MISSOURI,      )     **Filed:  March 9, 2023**
         )
     Respondent-Respondent.   )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

The Honorable Calvin R. Holden, Judge

**<u>REVERSED AND REMANDED WITH DIRECTIONS</u>**

Chris Courtois ("Movant") appeals from the motion court's order denying his Rule 29.15[1] amended motion for post-conviction relief, and, in his brief before this Court, raises two points:  (1) that the motion court clearly erred in denying his claim that appellate counsel was ineffective for failing on direct appeal to challenge the trial court's denial of Movant's motion to suppress statements to the police and in overruling Movant's objections at trial to the testimony and evidence regarding those statements because Movant's purported waiver of his Fifth and Sixth Amendment rights was not

---

[1] All rule references are to Missouri Court Rules (2021), before the 2021 amendments to subsections (g) and (j) of Rule 29.15, which were effective November 4, 2021.

1

voluntary and knowing due to Movant's young age, lack of education, limited mental abilities, and improper implied assurances of leniency or favorable treatment by the interrogating officer; and (2) that the motion court committed plain error by failing to inquire and ascertain from Movant that the amended motion filed by post-conviction counsel included all claims of relief known to Movant and to ensure Movant's understanding that he waived any claims for relief known to him that were not listed in the motion.

We are required to determine whether Movant's amended motion was timely filed under the non-waivable, mandatory deadlines for filing post-conviction relief motions before reviewing the merits of Movant's appeal. *Little v. State*, 652 S.W.3d 390, 392 (Mo. App. E.D. 2022). Unfortunately, Movant's amended motion was not timely filed under the version of Rule 29.15(g) applicable to Movant's motion. Therefore, despite delay to the parties and the resulting inefficient use of judicial resources, we must reverse the motion court's order denying Movant's amended motion, and remand Movant's post-conviction relief case to the motion court for an abandonment inquiry and appropriate proceedings following that inquiry. *Id.* at 394.

**Factual and Procedural Background**

A jury found Movant guilty of first-degree statutory rape, four counts of first-degree statutory sodomy, and first-degree child molestation against B.K., who was less than twelve years old at the time of the offenses. Following sentencing and the trial court's issuance of its judgment, Movant appealed, and we affirmed the trial court's judgment in *State v. Courtois*, 577 S.W.3d 860 (Mo. App. S.D. 2019).

2

After the trial court's judgment, but long before our mandate issued in Movant's direct criminal appeal, Movant prematurely filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15 in April 2018.[2] Following Movant's premature filing of his *pro se* motion, the motion court notified the public defender's office of the filing, but did not appoint counsel at that time and asked that counsel be assigned. Our mandate issued July 11, 2019, which, pursuant to Rule 29.15, made Movant's prematurely filed *pro se* motion considered filed as of that date.

Following the issuance of our mandate and the considered filing of Movant's *pro se* motion, an assistant public defender entered his appearance on August 5, 2019 ("post-conviction counsel"). Pursuant to Rule 29.15(g), Movant's amended post-conviction motion was due 60 days after post-conviction counsel entered his appearance, which made the amended post-conviction motion due on October, 4, 2019. On August 8, 2019, the motion court granted the first of two 30-day extensions of time to file an amended post-conviction motion extending the date for filing Movant's amended motion to November 3, 2019, which was a Sunday, pushing the filing date to Monday, November 4, 2019.[3] Movant requested a second 30-day extension of time on October 31, 2019, but the

---

[2] Pursuant to Rule 29.15(b), "[a] person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form No. 40. . . . The motion shall be filed no earlier than . . . the date the mandate of the appellate court issues affirming the judgment or sentence. If the motion is filed prematurely, such motion shall be considered as filed . . . the date the mandate of the appellate court issues affirming the judgment or sentence." *See also* Rule 29.15(e).

[3] Rule 44.01(a) ("The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.")

motion court did not grant Movant's request for extension until November 5, 2019 (the motion court signed the order granting the second extension on November 5, but the order was not entered on the docket sheet until November 6). Appointed counsel subsequently filed an amended motion on November 27, 2019, in which Movant claimed that appellate counsel for his direct criminal appeal was constitutionally ineffective.

### Discussion

> Under the version of Rule 29.15 applicable to [Movant's] motion,[] when the movant has filed a direct appeal from his conviction and sentence, Rule 29.15(g) requires post-conviction counsel to file the amended motion for post-conviction relief "within [sixty] days of the earlier of the date both the mandate of the appellate court is issued and: (1) [c]ounsel is appointed, or (2) [a]n entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of [the] movant." Rule 29.15(g) permits the motion court to "extend the time for filing the amended motion or statement in lieu of an amended motion, with no extension exceeding [thirty] days individually and the total of all extensions not to exceed [sixty] days."

*Little*, 652 S.W.3d at 392-93 (footnote omitted). Movant's amended motion was originally due 60 days from the date post-conviction counsel entered his appearance on August 5, 2019, which would have been October 4, 2019. When the motion court granted Movant's first request for extension on August 8, 2019, Movant's amended motion then became due on November 3, 2019. However, November 3 was a Sunday, so the 90-day period to file Movant's amended motion expired Monday, November 4, 2019, one day before the motion court granted Movant's request for a second extension on November 5, 2019.

Long-standing Missouri law requires that the motion court grant any request for extension of time for filing an amended motion under Rule 29.15 within the time the amended motion is initially due. *Id.* at 393-94. "'If the motion is not made *and* granted within the time remaining to file the amended motion, then any subsequently filed

4

amended motion should be considered untimely and the [motion] court should conduct an abandonment inquiry before proceeding to the merits.'" *Id.* at 394 (quoting ***Jones v. State***, 643 S.W.3d 918, 922 (Mo. App. E.D. 2022)). "'When post-conviction counsel is appointed to an indigent person, an amended motion seeking post-conviction relief filed beyond the deadline can constitute the 'abandonment' of the movant.'" *Id.* at 393 (quoting ***Jones***, 643 S.W.3d at 920)).

Here, Movant's amended motion was due November 4, 2019. The motion court did not grant Movant's request for extension of time until November 5, 2019. Movant was obligated to file his amended motion on November 4, 2019, since the motion court had not yet granted his request for extension. *See* ***Childers v. State***, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) ("Assuming that a request will be granted does not relieve counsel of the obligation to actually make the request if additional time is needed, and extensions will not be presumed to have been granted without a record thereof."). Movant's amended motion was untimely filed. At that point, the motion court should have conducted an independent abandonment inquiry before considering the merits of Movant's amended motion (which did not include at least one and likely both claims included in Movant's *pro se* motion). Even though, from the terms of its order, the motion court clearly understood it was granting Movant's second request for extension after the time for filing the amended motion had expired, the record does not reflect that an abandonment inquiry was made by the motion court.

As such, we are required to reverse the motion court's order denying Movant's amended motion, and remand Movant's post-conviction relief case to the motion court for an abandonment inquiry and appropriate proceedings following that inquiry. *Id.* at

5

394; *see also* **Brewer v. State**, No. ED110321, 2022 WL 17587743 (Mo. App. E.D. Dec. 13, 2022), and **Herrington v. State**, 658 S.W.3d 267 (Mo. App. E.D. 2023) (both reversing and remanding for an abandonment inquiry in similar circumstances where the motion court failed to grant an extension within the time an amended motion currently was due).

The judgment of the motion court is reversed and the matter is remanded to the motion court for it to conduct an abandonment inquiry and to determine whether Movant was abandoned by post-conviction counsel and for further proceedings consistent with this opinion.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JACK A. L. GOODMAN, C.J. – CONCURS